Pee Ctjbjam.
The first thing to be considered is, in what cases a judicial attachment can issue, in the County Court. The juris *427 diction of the County Court is over actions within the county. 1794, ch. —, § —. The County Court, then, cannot issue a writ to another county. If the sheriff return non est inventus, and that the defendant resides in another' county, the County Court cannot issue an alias to that county by the act of 1777; for by that means the jurisdiction would extend into every county. If two defendants be included in a County Court writ, and one be taken, and the other be in another county, the County Court could not issue an alias into the county of his residence, until it was provided for by the act of 1789, ch. —, § —. If the defendant reside in one county, the plaintiff cannot have an original attachment in another, to bring him into the latter ; for then by the means of the original attachment, the jurisdiction would be extended into every county, and he cannot do so by judicial attachment any more than by an original one. That cannot be done circuitously which cannot be done directly. By alias the defendant cannot be brought from another county, neither shall he by judicial attachment. It cannot issue but to the county of the defendant’s residence. The sheriff cannot return non est inventus till he has been at his place of abode. An alias directed to a wrong county may be abated by plea, so may a judicial attachment issued improperly; the return of non est in-ventus being not conclusive as to the place of residence, the latter may be averred and made to appear on the record as it ought to have appeared in * the return. It will not be contended that upon a capias to one county, the judicial attachment can go to another. Next, as to the jurisdiction of the Superior Courts, whilst they existed the defendant might be brought to the district of the plaintiff. Therefore it is that by the act of 1777, an alias may issue to any county, where it appears by the return of the sheriff that he is the resident of that county. But so soon as the Superior Courts were abolished, and the Circuit Courts substituted in place of them, and their jurisdiction confined to the person of the defendant, he also could not be sued out of his county to the Circuit Court of another county any more than in the case of County Court jurisdictions. If taken in the county where the capias issues, he must appear there ; if not found in that county he cannot be compelled to appear there either by alias to the county of his residence, or by judicial attachment in the county where the capias was returned.
*428 Must the alias or judicial attachment also be founded upon a return of non est inventus made to that term from which it issues, or may it issue in a subsequent term, upon such return made to a former one ? If it can, then it may issue after the intervention of fifty terms, and the action be still deemed to have commenced on the day when the first writ issued. The intervening time must then be deducted from the computation under the act of limitations, and be esteemed as nothing. The benefit of the act will be defeated by dormant process lying for many years in the clerk’s office. A defendant could not voluntarily appear at any intervening term and plead, for the process being not then returnable, the plaintiff would not be there to meet him. And yet it is a rule that the defendant may voluntarily appear at the return of an alias or pluries and contest with the plaintiff. That rule must be laid aside if a chasm in process were allowable, and the defendant must wait till called for by the plaintiff * at any indefinite time. He must submit to lose his evidence and witnesses in the mean time, and the benefit of the acts of limitation also. He must also lose the benefit of those presumptions which the law would otherwise raise in his favor from the quiescence of his adversary. These evils are not to be endured. And for these and similar reasons the law requires that every subsequent process shall be dated on the day of return of the preceding process. 8 Bl. Com. 282. Will the award of an alias on the record answer the same purpose as an alias actually issued ? If it will, then awards may be entered by the plaintiff ad infinitum, without taking out the process, and the same evils ensue as would if he could take it out after several intervening terms without a regular continuation. If the court could, under the statutes of amendment, order an alias to be now filed? as is sometimes done, with respect to continuances and process between the original writ and capias in the English courts, still the indispensable return of non est inventus would be wanted. This procedure would be still more difficult when a plea in abatement put in at the proper time directly pointed out the defect of non est inventus as the ground of the objection made by the defendant. Can this omission be remedied by amendment under the act of 1809, ch. 49, § —, or the act of 4 Anne, ch. 16 ? We conceive it cannot, for the court in making amendments cannot insert an untruth, and say that a return was made by the sheriff which never *429 was made by him ; and by such means lay a foundation for convening before them a defendant who could not have been proceeded against but for such false insertion.
We conceive, according to the case cited from Tennessee Reports, that this court, after final judgment in the court below, may look back to errors in overruling pleas in abatement; otherwise process may issue from the County Court to any county,- and the plea in * abatement be overruled, and the defendant be forced to plead in chief in all cases, and be deprived of all remedy in any court, for the illegal judgment upon the plea in abatement; and thus the limited jurisdiction of a court become unlimited through- its own errors.
Judgment of the Circuit Court reversed.
Non est inventus implies that the residence of the defendant is in the county, and that the sheriff has been at his place of abode, and if these are not facts, the return is a false one, and subjects the sheriff to an action for a false return. He should return the- truth of the case, either that the defendant is not an inhabitant of that county, or that he resides in another, specifying it.
See, as to the implication of non est inventus, Welch v. Robinson, 10 Hum. 264. See King’s Digest, 551, 812, 815, 10,170, 10,171.